DENISE JACKSON, an Infant, by Her Guardian ad Litem, AUGUSTINE A. JACKSON, et al., Respondents, v. DISOSWAY & FISHER et al., Appellants.— In an action to recover damages for injuries to person and property, and for medical expenses and loss of services, the defendants appeal from an order of the Supreme Court, Queens County, entered September 16, 1959, granting plaintiffs' motion for summary judgment striking out the answer and directing an assessment of damages. Order reversed, without costs, and motion denied. The record contains facts sufficient to require a trial of the issues. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

JOSEPH L. KANE et al., Respondents, v. VILLAGE OF RED HOOK et al., Appellants.— In a taxpayers' action under section 51 of the General Municipal Law to declare void and restrain the performance of a contract pursuant to which the defendant village agreed to supply water, from its water system, to private dwellings outside the village, defendants appeal from a judgment of the Special Term, Supreme Court, Dutchess County, made June 6, 1959, in favor of the plaintiff taxpayers, after a trial. The Special Term found that the village has no surplus water, and held that, under section 232 of the Village Law, only surplus water may be sold for use outside the village. Judgment modified on the law and the facts by inserting therein two additional decretal paragraphs: (1) authorizing the defendant village and its trustees, if so advised, to apply for other or different relief at the foot of the judgment in the event that an actual surplus of water becomes available; and (2) authorizing the defendant village and its trustees, at their election, to continue to furnish water to the dwellings outside the village for a period of six months after the entry of the order hereon. As thus modified, the judgment is affirmed, without costs. The findings of fact, as contained in the decision or opinion of the Special Term, are modified by striking out the words " slightly in excess of three hours," and by inserting in their place the words " of approximately four and one-half hours." As thus modified the findings are approved. The following additional findings are made: (1) Assuming that the storage tank and standpipe are full and contain 223,000 gallons; that the pumps are operating at full capacity of 360 gallons a minute; and that no water is used for ordinary consumption during the period of a fire, nevertheless, there would not be a supply of 1,000 gallons a minute for six hours. (2) It is proper to consider the needs of fire protection, and upon such consideration there is no surplus water presently available. Nolan, P. J., Ughetta and Brennan, JJ., concur; Beldock and Christ, JJ., concur in the foregoing modification of the judgment and findings and in the new findings, and vote to further modify the judgment as follows: By adding a third decretal paragraph authorizing the village and its trustees, if so advised, to apply for other or different relief at the foot of the judgment in the event that the construction of the village water system now or at any time in the future is such as to permit the water supply to be cut off or reduced to the dwellings outside the village during a fire or other emergency within the village, and in the event that an agreement exists or is made between the village and the owners of such dwellings to permit such cut off or reduction of the water supply.